Not for Publication                                              (Docket Entry No. 9, 10)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                        :
JASON STREETER,                         :
                                        :
                    Plaintiff,          :        Civil No. 07-5084 (RBK)
                                        :
          v.                            :        **OPINION**
                                        :
CORRECTIONAL MEDICAL SERVICES           :
and KAREN BALICKI,                      :
                                        :
                    Defendants.         :
_____       :


**KUGLER, United States District Judge:**

     This matter comes before the Court on the motion of Defendant Correctional Medical

Services ("CMS" or "Defendant") for dismissal of the Complaint of Plaintiff Jason Streeter

("Plaintiff"), which alleges violations of his Eighth and Fourteenth Amendment rights.  For the

reasons that follow, Defendant's motion  will be granted in part and denied in part.

## I.    BACKGROUND

     Plaintiff is an inmate in the custody of the state of New Jersey, incarcerated at South

Woods State Prison ("SWSP") in Bridgeton, New Jersey.  He arrived at SWSP on July 23, 2007

with what he alleges are existing serious medical needs stemming from an industrial accident.[1]

_____

    [1] Plaintiff does not provide a full explanation of his injuries and resulting medical needs
in his Amended Complaint, but he does provide further detail in his opposition to CMS's motion.
Though only the facts pled in the Complaint are before the Court on a motion to dismiss, because

He has ongoing medical problems, including bowel incontinence, bladder incontinence, and intestinal problems.  When he arrived at SWSP, Plaintiff was placed in the Extended Care Unit ("ECU") for five days.  He was then transferred into the general population.  Plaintiff also alleges he was taking a variety of medications when he arrived at SWSP, some of which were continued and some of which were not.

Plaintiff alleges that as a result of his serious medical needs, he relies on a catheter to urinate and wears disposable undergarments to guard against incontinence episodes.  These items, once used, need to be properly disposed of.  Plaintiff alleges that these items are bio-medical hazardous waste, and SWSP does not permit him to properly dispose of this waste in a timely manner.  He alleges that he is forced to keep the waste in his cell or personal locker for 24 hours at a time before he may dispose of it.  He claims that this temporary storage, rather than immediate disposal, creates a risk of bacterial infection and contamination of stored food.  Plaintiff alleges that when he was moved into the general population, he asked what to do with the waste and was told that no procedure was yet in place.

Plaintiff sought administrative remedies, presumably including a transfer back to the ECU, on August 2, 2007 and was directed to Defendant CMS, who according to Plaintiff makes all decisions on housing in the ECU. Plaintiff requested to speak to the Medical Ombudsman on August 16 and 22, 2007.  The first request was denied, and the second request ended up being routed to the CMS Infection Control Staff.  On September 10, 2007, Plaintiff requested assistance from a social worker.  On September 13, 2007, he spoke with a social worker and

---

Plaintiff is proceeding pro se the Court holds him to less high pleading standards and will also look to the facts included in his opposition brief.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972)

nursing supervisor.

On October 9, 2007, Plaintiff filed a Complaint in this Court against Defendant CMS and Karen Balicki, the prison administrator, alleging violations of his Eighth and Fourteenth Amendment rights.[2]  He amended his complaint on October 26, 2007.[3]  Plaintiff seeks relief in the form of a transfer to the ECU because he believes the medical unit can safely provide adequate storage and disposal of the waste.  He also seeks damages for his increased risk, suffering, and mental anguish.  Defendant CMS filed a motion to dismiss in lieu of an answer pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 18, 2007.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle him to relief.  Burstein v. Ret. Account Plan of Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d. Cir. 2003) (citation omitted).

---

[2]Though Plaintiff pleads violations of both the Eighth and Fourteenth Amendments, he asserts no facts relating to his rights to equal protection or due process of law and instead asserts solely a failure to provide medical care, medication, and waste disposal.  The Court construes this claim as alleging violations under the Eighth Amendment as applied to the states through the Fourteenth Amendment and does not consider the Amended Complaint to allege separate violations of the Fourteenth Amendment.

[3]It appears from the docket that Ms. Balicki was served on November 23, 2007 (docket entry no. 5), but no attorney has entered an appearance or filed a responsive pleading on her behalf.

### III.    ANALYSIS

#### A.    Conditions of Confinement

Plaintiff asserts that the requirement that he store bio-medical hazardous waste in his cell renders his conditions of confinement unconstitutional. To establish a conditions of confinement claim, an inmate must first show that the alleged deprivations are objectively serious and the result of subjective deliberate indifference.  See Farmer v. Brennan, 511 U.S. 825, 834 (1984).

Conditions are sufficiently serious when they involve the wanton and unnecessary infliction of pain, deny an identifiable basic human need, constitute a deprivation of the minimal civilized measure of life's necessities, or create a substantial risk of serious harm.  See Wilson v. Seiter, 501 U.S. 294, 305 (1991); Helling v. McKinney, 509 U.S. 25, 33-35 (1993); Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Protected human needs include reasonable safety, habitable shelter, and essential sanitation.  See Wilson, 501 U.S. at 304-05; Rhodes, 452 U.S. at 348; Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996); Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992).

To meet the subjective component, an inmate must also show that prison officials were deliberately indifferent to his safety or health.  A prison official is deliberately indifferent when he or she "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511 U.S. at 847; Nami, 82 F.3d at 67-68.  Because Defendant CMS is a corporate entity performing a state function, rather than an individual, Plaintiff must show that a CMS policy or custom permitted or resulted in deliberate indifference.  Natale v. Camden County Correctional Facility, 318 F.3d 575, 584 (3d Cir. 2003) (where prison health services "turned a blind eye to an obviously inadequate practice that was likely to result in the violation of constitutional rights," it may be liable under § 1983).

4

Plaintiff alleges that he was required to store used medical items, which he asserts are hazardous waste, in his cell and locker for up to 24 hours.  Accepting these allegations as true, Plaintiff has not stated an Eighth Amendment violation.  Though other courts reviewing conditions of confinement have noted that "human waste has been considered particularly offensive so that 'courts have been especially cautious about condoning conditions that include an inmate's proximity to [it],'" McBride v. Deer, 240 F.3d 1287, 1292 (10th Cir. 2001) (citing Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990), Plaintiff has not alleged conditions creating a constitutional violation.  When analyzing allegations of unsanitary living conditions, courts look to the length of time a prisoner must endure the condition, as well as degree of the conditions involved.  See Hutto v. Finney, 437 U.S. 678, 686-87 (1978).  Plaintiff alleges that he must store his used catheters and incontinence supplies in his cell for only one day at a time and then is able to dispose of them.

Plaintiff's allegations are very similar to the claims before the Third Circuit in Ayala v. Terhune, where an inmate claimed that the prison's failure to provide him with an adequate disposal procedure for his used colostomy bags violated the Eighth Amendment.  195 F. App'x 87, 90 (3rd Cir. 2006).  That Court noted that "requiring [plaintiff] to store used [colostomy] bags in his cell or throw them in the regular trash, although unseemly and ill-advised, [ ]fails to rise to the level of deliberate indifference."  Id. at 91.  The requirement that Plaintiff store used catheters and disposable undergarments in his cell must similarly fail to rise to the level of a constitutional violation.  CMS's motion to dismiss this claim will be granted.

**B.    Medical Treatment**

Plaintiff also claims that when he entered SWSP, he informed CMS doctors of his

medical needs, including his existing prescriptions.  He alleges that he is not receiving some of the medicines he was prescribed.  As a result of not receiving one medicine in particular, prescribed to prevent urinary tract infections, Plaintiff has suffered two such infections within three months.

To set forth an Eighth Amendment violation based on a denial of medical care, a plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This indifference can exist on the part of prison guards who "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed."  Estelle, 429 U.S. at 104-05.

The Third Circuit has held that a medical need is deemed to be serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Lanzaro, 834 F.2d at 347 (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)).  Plaintiff's allegation that he was prescribed certain medications by a doctor to combat a diagnosed medical problem is sufficient to allege a serious medical need.

Plaintiff must also allege deliberate indifference, which is an intentional deprivation of medical care, rather than mere negligence or inadvertent omissions.  Estelle, 429 U.S. at 105-06. He alleges that he attempted to show CMS doctors his prescriptions and documentation, but the doctor responded "I don't need to see that stuff" and failed to dispense all of Plaintiff's medications.  This is sufficient to allege knowledge of the serious medical need and subsequent deliberate indifference.  Plaintiff will still need to establish that a CMS policy caused this

6

deliberate indifference, as CMS cannot be found liable for the actions of its subordinates under §

1983.  See  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Plaintiff's allegations regarding the discontinuance of his medicines are sufficient at this

stage to state a claim for denial of medical care under the Eighth Amendment, and so Defendant

CMS's motion to dismiss will be denied.  Accordingly, Defendant's motion to dismiss Plaintiff's

punitive damage claims is also denied, as Plaintiff may be able to prove that the denial of

medical care was malicious, willful, or in reckless or callous indifference to his rights.  See

Smith v. Wade, 461 U.S. 30, 56 (1983).

## IV.    CONCLUSION

Because there is not evidence of deliberate indifference in violation of the Eighth

Amendment with regard to Plaintiff's conditions of confinement claim based on waste storage,

Defendant CMS's motion to dismiss will be granted as to that issue.  The motion to dismiss will

be denied with regard to Plaintiff's claim for denial of medical care.  Defendant Balicki has

neither answered nor joined in this motion, and so the claims against her remain.  An

accompanying order will issue today.


Dated:   July 21, 2008             /s/ Robert B. Kugler
                                   ROBERT B. KUGLER
                                   United States District Judge