NOT FOR PUBLICATION (Docket No. 22)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JASON A STREETER, | : |
| Plaintiff, | : |
| v. | : Civil No. 07-5084 (RBK/AMD) |
| CORRECTIONAL MEDICAL SERVICE, et al., | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Defendant Correctional Medical Services ("CMS") seeking summary judgment on the Complaint filed by plaintiff Jason A. Streeter ("Plaintiff"), alleging violations of his constitutional rights and brought pursuant to 42 U.S.C. § 1983. For the reasons set forth below, this Court will grant Defendant's motion.

**I.    BACKGROUND**

Plaintiff's Complaint was filed on October 23, 2007. At the time the Complaint was filed, Plaintiff was an inmate at the South Woods State Prison in Burlington, New Jersey ("South Woods"). Defendant CMS and Defendant Karen Balicki were both alleged to have violated Plaintiff's constitutional rights. Specifically, Plaintiff contends that CMS and Balicki failed to provide Plaintiff medical care, medication, and hazardous waste disposal, causing Plaintiff pain, infection, and mental anguish.

1

Plaintiff asserts in his Amended Complaint that he completed "inmate request and remedy forms" and "requested interviews" with respect to his complaints about his treatment at South Woods.

In their motion presently before this Court, Defendant CMS requests summary judgment on Plaintiff's claims due to Plaintiff's failure to properly plead a claim under 42 U.S.C. § 1983, Plaintiff's failure to exhaust his administrative remedies, and because Plaintiff has not shown that CMS's motive was such that punitive damages are warranted. Plaintiff has not opposed the instant motion.

## II. STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her]favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex, 477 U.S. at 331 (1986) (Brennan, J., dissenting)). The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.  ANALYSIS

Defendant CMS is entitled to summary judgment on Plaintiff's claims because Plaintiff has failed to administratively exhaust his claims. Under the Prison Litigation Reform Act of 1995 ("PLRA"), codified as 42 U.S.C. § 1997e, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (holding

that the failure to "properly" exhaust administrative remedies under the PLRA constitutes a procedural default).[1] The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Spruill, 372 F.3d at 230. With this requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 227.

The exhaustion requirement's broad scope indicates that it applies to all federal claims brought by any inmate. Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). A plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit. Porter v. Nussle, 534 U.S. 516, 524 (2002). Grievance procedures set forth in an inmate handbook constitute such a remedy, even if they are not formally adopted by any state administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1348, 1349 (3d Cir. 2002).

The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted. Camino v. Scott, No. 05-4201, 2006 WL 1644707, *4 (D.N.J. June 7, 2006) (citing Spruill, 372 F.3d at 232). Summary judgment of an inmate's claim is proper where he has failed to exhaust administrative remedies. Fortune v. Bitner, No. 07-

---

[1] Specifically, section 803(d) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

3385, 2008 WL 2766156, *3 (3d Cir. July 17, 2008).

In this instance, Defendant CMS present evidence of the administrative procedures available to Plaintiff. Specifically, CMS attaches to its motion for summary judgment, the South Woods State Prison Inmate Handbook, which codifies the four-step process for filing inmate grievances. An inmate may submit an "Inmate Request Form," an "Interview Request Form," an "Administrative Remedy Form," and an "Administrative Remedy Form - Appeal" with respect to a grievance. Defendant CMS notes that Plaintiff's own verified Amended Complaint details his completion of steps one through three. However, Defendants argue that there is no genuine issue that Plaintiff failed to exhaust his administrative remedies on all matters at issue in this case, as his verified Amended Complaint does not include any reference to his exhaustion of the fourth step in the administrative process, "Administrative Remedy Form - Appeal." CMS points to Plaintiff's Amended Complaint to demonstrate that Plaintiff's evidence will be insufficient to establish an essential element of his case, administrative exhaustion. Defendant's argument regarding the evidence of exhaustion is uncontradicted, as Plaintiff did not oppose the instant motion.

Because the Court finds that there is no genuine issue of fact as to Plaintiff's exhaustion of his administrative remedies, the Court will grant summary judgment in favor of Defendant CMS and against Plaintiff. Accordingly, the Court needs not consider the other arguments offered by Defendant CMS in support of the instant motion.

## IV. CONCLUSION

For the reasons expressed herein, the Court will GRANT Defendant CMS's motion for summary judgment, entering judgment in favor of Defendant CMS and against Plaintiff on all

claims. An accompanying Order shall issue today.


Dated:   8-18-09                                              /s/ Robert B. Kugler
                                                                       ROBERT B. KUGLER
                                                                       United States District Judge